**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ESTEBAN BARCENA ANGELES, also known as, ESTEBAN BARCENA,<br><br>    Petitioner,<br><br>vs.<br><br>IMMIGRATION AND NATURALIZATION SERVICE,<br><br>    Defendant. | 3:10-cv-00640-HDM-RAM<br><br><br>ORDER |

Prisoner Esteban Barcena (Esteban Barcena Angeles) was convicted of attempted lewdness with a child under 14 years, a felony/gross misdemeanor, in 2008.  See Clark County District Court Case No. 08C246526.  He was sentenced to probation, which was revoked in April 2009.  *Id.*  He is now serving a 48 to 144 month prison sentence at Lovelock.  See Docket # 1-1.  His projected release date is February 28, 2013.  *Id.*  He claims that the United States Immigration and Naturalization Service has a detainer for deportation against him.  *Id.*  Presumably, he is subject to

1

deportation under 8 U.S.C. § 1227(a)(2).[1]  Barcena moves this court for an order that would entitle him to invoke the Interstate Agreement on Detainers, 18 U.S.C. Appendix, and obtain a speedy deportation hearing.[2] *Id*.

"The Sixth Amendment provides that 'in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...' The Interstate Agreement on Detainers ... [is a] statutory means for effectuating this right. The Agreement provides for the speedy disposition of detainers based on 'untried indictments, informations, or complaints.'" *Argiz v. United States Immigration*, 704 F.2d 384 (7th Cir. 1983). A detainer is understood to be "a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face criminal charges in another jurisdiction." *Id.*; see also Senate Report No. 91-1356, U.S. Code Cong. & Adm. News, 1970, Vol.

---

[1] Barcena is listed as an "alien-detainee." See Docket Case No. 3:10-cv-640-HDM-RAM. He has been convicted of a felony/gross misdemeanor that would qualify as a deportable criminal offense under 8 U.S.C. § 1227(a)(2). See also INA § 237(a)(2)(I); INA § 101(a)(43); 8 U.S.C. § 1101(a)(43)(A); INA § 212(a)(2)(A)(i)(I); 8 U.S.C. § 1182(a)(2)(A)(i)(I).

[2] The docket lists the nature of suit as "Habeas Corpus – Alien Detainee" and "2254 Petition for Writ of Habeas Corpus." This motion should <u>not</u> be construed as a habeas petition. See *Argiz v. United States Immigration*, 704 F.2d 384 (7th Cir. 1983)(Petitioner-appellant filed similar motion under Interstate Agreement on Detainers, district court erroneously construed it as a petition for habeas corpus.)

2

3 at 4864-65.

Immigration deportation proceedings are not criminal proceedings. *Id*. They are civil in nature and are not conducted by a court of the United States. *Id.*; see also *Woodby v. Immigration & Naturalization Service*, 385 U.S. 276, 285 (1966). Therefore, an immigration charge cannot be classified as an "untried indictment, information, or complaint" within the meaning of the Agreement. *Id*. Accordingly, there is no relief available to Barcena under the Interstate Agreement on Detainers.

Even if Barcena was entitled to relief, this court does not have the authority to grant it. Only the Attorney General of the United States has the authority to remove an alien. 8 U.S.C. § 1231(a)(4)(A), (B). It is within the sole discretion of the Attorney General to remove an alien prior to the completion of his prison sentence. 8 U.S.C. § 1231(a)(4)(A)(the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment); 8 U.S.C. § 1231(a)(4)(B)(the Attorney General is authorized to remove an alien, if the Attorney General determines that the alien is confined pursuant to a conviction for a nonviolent offense,[3] or the alien's removal is appropriate and in the best interest of the United States); *Tamayo*

---

[3] Barcena was not convicted of a nonviolent offense. Lewdness with a child under 14 would be considered an aggravated felony under INA § 101(a)(43) and 8 U.S.C. § 1101(a)(43)(A). It is also a crime a of moral turpitude. See INA § 212(a)(2)(A)(i)(I); 8 U.S.C. § 1182(a)(2)(A)(i)(I); INA § 237(a)(2)(I); 8 U.S.C. § 1227(a)(2)(A). Both subject aliens to removal. *Id*.

3

*v. Holder*, 2009 WL 2488032 (C.D.Cal. 2009)(court lacked authority to initiate deportation order); *United States v. Tinoso*, 327 F.3d 864, 866 (9th Cir. 2003)(determination of whether an alien is subject to deportation resides in the Executive Branch). Furthermore, "a district court cannot sua sponte issue a deportation order without a request from the United States Attorney." *United States v. Marin-Castaneda*, 134 F.3d 551, 556 (3d Cir. 1998)(district court lacked authority to depart downward in sentence because of Attorney General's statutory power to deport alien before completion of prison term). Thus, this court does not have the authority to expedite Barcena's removal proceedings.

Lastly, 8 U.S.C. § 1231(a)(4)(D) states that imprisoned aliens have no private right to speedy removal. Specifically, aliens "imprisoned, arrested, or on parole, supervised release, or probation" cannot assert a cause or claim "under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D); *United States v. Aispuro*, 127 F.3d 1133, 1134 (9th Cir. 1997)(an alien has no private right of action to compel the Attorney General to remove him from the United States prior to the completion of his sentence); *Tamayo*, 2009 WL 2488032 (no private right of action to compel deportation).

Barcena's motion is DENIED.

It is so ORDERED.

DATED: This 18th day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE

4